IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 19 CR 824 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| RICKY PRICE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

On October 31, 2019, a federal grand jury indicted defendant Ricky Price with one count (Count I) of unlawful possession of a firearm pursuant to 18 U.S.C. § 922(g)(1), and one count (Count II) of possession with intent to distribute a controlled substance in violation of 18 U.S.C. § 841(a)(1). On or about November 19, 2019, defendant was arraigned and entered a plea of not guilty, and on October 12, 2023, following a bench trial, this court entered a guilty verdict on both counts of the indictment. On December 15, 2023, defendant moved to enter judgments of acquittal as to Counts I and II pursuant to Federal Rules of Criminal Procedure 29 and 33 (Doc. 142). For the reasons discussed below, the court grants in part and denies in part defendant's motion.

## BACKGROUND

Defendant was arrested on or about August 21, 2019, and on October 31, 2019, a federal grand jury indicted defendant Ricky Price with one count (Count I) of unlawful possession of a firearm pursuant to 18 U.S.C. § 922(g)(1), and one count (Count II) of possession with intent to distribute a controlled substance in violation of 18 U.S.C. § 841(a)(1). Section 922(g)(1) prohibits the possession of firearms by individuals convicted of felonies, or any person "who has

been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." Defendant has a criminal record that includes prior felony convictions. On or about November 19, 2019, defendant was arraigned and entered a plea of not guilty.

On January 5, 2023, defendant filed a motion to dismiss Count I of the indictment (Doc. 95), based on his rights under the Second Amendment of the United States Constitution. He raised the issue following the Supreme Court's ruling in New York Rifle & Pistol Assn. v. Bruen, 142 S. Ct. 2111 (2022) ("Bruen"). On March 3, 2023, Judge Guzman (who was formerly assigned to this case) denied defendant's motion.

The case then proceeded to a bench trial. At trial, four eyewitness police officers on patrol (Officers Angel Collazo ("Collazo"), Guillermo Tellez-Sandoval ("Tellez-Sandoval"), Mark Hoss ("Hoss"), and Lucien Muntean ("Muntean")) testified that they observed defendant and Anthony Johnson ("Johnson") exchanging money during what they suspected to be an in-progress drug transaction. After spotting the police vehicles, defendant and Johnson walked to a nearby intersection and turned the corner. Tellez-Sandoval testified that he instructed them to stop, but defendant fled. As defendant ran, Muntean testified that he saw defendant clutching what appeared to be a hard object under his right waistband, leading Muntean to run to restrain defendant. While fleeing, defendant fell, and Tellez-Sandoval testified that he heard metal scraping the road as defendant hit the ground. According to Muntean, when he reached defendant lying in the street, Muntean drew his taser, and defendant yelled, "Don't taser me. I have a gun."

Officers then retrieved a firearm from defendant's person, and confiscated a plastic bag protruding from defendant's sock, which tested positive for fentanyl. Johnson, who was also arrested, did not have a weapon or drugs on his person. At trial, defendant argued that this was a

case of mistaken identity.  He emphasized that the investigative reports identified an African American male with white tee-shirt, who did not have a beard and had a tattoo of "VICE LORD."  At trial, however, Muntean testified that defendant <u>was</u> bearded on the date of arrest, and Tellez-Sandoval testified that defendant did not have a "VICE LORD" tattoo on his arm (at arrest or at trial).

Because defendant sustained scrapes and abrasions from his fall, officers transported him to the hospital.  According to Hoss, who was with defendant at the hospital, defendant stated that he was "selling blows and had a gun on him for protection" after receiving his <u>Miranda</u> warnings.  Moreover, defendant told physicians that "he was running from the police, tripped and fell, sustaining scrapes and blunt trauma to his bilateral hands, elbow, bilateral knees, and hips."  At the conclusion of the government's case-in-chief, defendant made a motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, which the court denied. On October 12, 2023, this court entered a guilty verdict on both counts of the indictment.

On December 15, 2023, defendant moved to enter judgments of acquittal and a new trial pursuant to Federal Rules of Criminal Procedure 29 and 33.[1]  He argues that the factual evidence is insufficient to sustain a guilty verdict on either count.  Moreover, according to defendant, "[r]ecent appellate and Supreme Court jurisprudence makes clear that § 922(g)(1) is unconstitutional as applied [in his case]."  Defendant cites the Seventh Circuit's reasoning in <u>Atkinson v. Garland</u>, 70 F.4th 1018 (7th Cir. 2023) ("<u>Atkinson</u>"), which the court had not yet issued when defendant filed his motion to dismiss the indictment.  Defendant also cites the Third Circuit's opinion in <u>Range v. Att'y Gen. United States of Am.</u>, 69 F.4th 96, 103 (3d Cir. 2023)

---

[1] Defendant also argued that "[i]n the event this Court concludes that the appropriate remedy for the issues raised [in his motion] is an Arrest of Judgment under [Federal Rule of Criminal Procedure] 34, this Motion is also brought pursuant to that Rule."  Under Rule 34(b), however, defendant "must move to arrest judgment within 14 days after the court accepts a verdict or finding of guilty," making this motion untimely under Rule 34.

(en banc), and this court's opinion in United States v. Prince, No. 22-CR-240, 2023 WL 7220127 (N.D. Ill. Nov. 2, 2023) ("Prince"), which held that § 922(g)(1) is unconstitutional on its face.

## LEGAL STANDARD

A motion for judgment of acquittal pursuant to Rule 29 challenges the sufficiency of the evidence to sustain a guilty verdict against a defendant. See Fed. R. Crim. P. 29. In reviewing a motion for a judgment of acquittal, courts review the evidence presented at trial in the light most favorable to the government and make all reasonable inferences in the government's favor. See United States v. Cejas, 761 F.3d 717, 726 (7th Cir. 2014). Courts may overturn a guilty verdict "only if the record is devoid of evidence from which a reasonable [factfinder] could find guilt beyond a reasonable doubt." United States v. Jones, 713 F.3d 336, 340 (7th Cir. 2013) (internal quotations omitted).

On a defendant's motion for a new trial pursuant to Rule 33, courts may vacate a judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. A new trial is in the interest of justice where "the substantial rights of the defendant have been jeopardized by errors or omissions during trial." United States v. Kuzniar, 881 F.2d 466, 470 (7th Cir. 1989). "A defendant is entitled to a new trial if there is a reasonable possibility that a trial error had a prejudicial effect upon the [factfinder's] verdict." United States v. Van Eyl, 468 F.3d 428, 436 (7th Cir. 2006).

## DISCUSSION

According to defendant, he is entitled to relief under Rules 29 and 33 because there was insufficient evidence presented at trial to support a finding of guilty on both counts. The court begins by rejecting defendant's arguments for acquittal on Count II under Rule 29, and for a new trial under Rule 33. The court agrees with the government that, reviewing the evidence in the

4

light most favorable to the government, there is sufficient evidence for a reasonable factfinder to find that defendant possession with intent to distribute a controlled substance in violation of § 841(a)(1), beyond a reasonable doubt. Not only did the government present credible testimony from several officers, but it also presented credible evidence that defendant confessed to "selling blows." Moreover, the court rejects defendant's argument that "the interest of justice" requires a new trial based on his vague assertions of the court's error in denying his pretrial motions, oral motions, and objections. The court agrees with the government that these assertions are unspecific and undeveloped.

The court next evaluates whether defendant is entitled to relief under Rules 29 and 33 from his conviction on Count I. The court acknowledges that this case has a unique posture: Judge Guzman denied defendant's motion to dismiss the indictment under Bruen on March 3, 2023, before: the Seventh Circuit issued Atkinson; defendant was convicted at trial; and this court issued Prince. That being said, two cases from other districts provide some helpful guidance.

In United States v. Wagoner, No. 4:20-cr-00018, 2022 WL 17418000 (W.D. Va. Dec. 5, 2022), as in the instant case, the defendant was convicted under § 922(g)(1) and moved for a judgment of acquittal pursuant to Rule 29 following Bruen. The court denied the defendant's motion. Id. at *5. It reasoned that "[a] Rule 29 motion tests the sufficiency of the evidence to establish factual guilt on the charges in the indictment," and in arguing that § 922(g)(1) is unconstitutional, the defendant was not challenging the "facts adduced at trial." Id. at *3. Rather, "the nature of [the defendant's facial motion was] more akin to a motion to dismiss under Rule 12 than a motion for acquittal under Rule 29." Id.

Consequently, the court determined that the defendant was subject to the timing requirements of Rule 12, and rejected his argument as waived, because "[i]n the two months between publication of the Court's <u>Bruen</u> decision and the deadline for pretrial motions [in that case, the defendant] did not raise any <u>Bruen</u>-related motions challenging prosecution." <u>Id.</u> at *2–4. Yet, the court determined that it would have denied the defendant's motion even if it "could somehow be entertained in a Rule 29 motion" because it concluded that § 922(g)(1) does not violate the Second Amendment under <u>Bruen</u>.[2] <u>Id.</u> at *4.

This court does not fully adopt the court's reasoning in <u>Wagoner</u> because in this case, defendant <u>did</u> bring a pre-trial motion to dismiss Count I of the indictment, and because this court concluded in <u>Prince</u> that § 922(g)(1) is unconstitutional on its face. However, this court agrees with the court's reasoning in <u>Wagoner</u> that defendant is not challenging the "facts adduced at trial," which the court concludes allow a reasonable factfinder to find defendant's guilt beyond a reasonable doubt. As discussed above, not only did the government present testimony from several officers at trial, but it also presented evidence that defendant confessed to having a firearm for protection. Rather than challenging the factual basis for his conviction, defendant is challenging the law underlying his conviction.

The court's reasoning in <u>United States v. King</u>, No. 21-CR-255, 2023 WL 6311450 (S.D. N.Y. Sept. 28, 2023), provides some additional insight. In <u>King</u>, the defendant was also convicted of violating § 922(g)(1), and he argued for acquittal based on the unconstitutionality of § 922(g)(1) following <u>Bruen</u>. <u>Id.</u> at *5. Conversely, the government viewed the motion as an impermissible attempt to relitigate the court's prior rejection of the same argument, when the

---

[2] The court distinguished the defendant's argument that § 922(g)(1) is unconstitutional on its face, which does not depend on the facts adduced at trial, from the argument that § 922(g)(1) is unconstitutional as applied, which could be factually dependent (although the court also noted that "it is unclear, after <u>Bruen</u>, what would constitute an 'as-applied' challenge to a gun regulation under the Second Amendment." <u>Id.</u> at *4.

court denied the defendant's pre-trial motion to dismiss the indictment.  Id. at *5.  The court

agreed with the government.[3]  Id. at *6.  In denying the defendant's motion, the court reasoned

that the law of the case doctrine barred his effort to relitigate the court's decision denying his

challenge to § 922(g)(1).  Id.  The court stated that "when a court decides upon a rule of law, that

decision should continue to govern the same issues in subsequent stages of the same case."  Id.

(Internal quotations omitted).  However, the court also noted that the defendant did not "point to

any intervening change in controlling law in th[at] Circuit, new evidence, or an error of law or

manifest injustice that merit[ed] the Court's rejection of its prior decision."  Id.

       Like Wagoner, the instant case is distinct from King because this court has held that

§ 922(g)(1) is unconstitutional on its face under the Bruen standard, in Prince and in subsequent

cases.  Moreover, unlike the defendant in King, defendant has pointed to a development in

controlling law (Atkinson) that, at least in this court's view, merits reconsideration of its prior

decision in this case.  While the Seventh Circuit has recognized that "[n]one of the Rules of

Criminal Procedure authorize[ ] a generic motion to reconsider," it has noted that such

"[m]otions may exist as a matter of general practice."  United States v. Rollins, 607 F.3d 500,

502 (7th Cir. 2010).  Further, the Seventh Circuit has noted that the Supreme Court has

"concluded that motions to reconsider in criminal prosecutions are proper and will be treated just

like motions in civil suits."[4]  Id.

---

[3] The court separately analyzed whether the defendant was entitled to acquittal pursuant to Rule 29 and a new trial pursuant to Rule 33.  Id. at *6–7.  In denying these motions, the court explained that there was sufficient evidence at trial to allow a rational jury to find that the government proved each of the elements beyond a reasonable doubt.  Id. at *7.

[4] Importantly, it has also held that "a post-trial motion making arguments within the scope of [28 U.S.C.A.] § 2255(a) is a motion under that statute, even if it bears the caption 'Fed.R.Crim.P.33.'"  Id. at 504 (citing Melton v. United States, 359 F.3d 855 (7th Cir. 2004)).  By arguing that his conviction violates the U.S. Constitution, defendant is making an argument within the scope of § 2255(a), but the court does not treat the instant motions as petitions under § 2255(a), because defendant is not yet "in custody under sentence" for the instant convictions.

Federal Rule of Civil Procedure 59(e) governs motions for reconsideration in civil cases. In relevant part, a district court may amend a judgment under Rule 59(e) if the movant clearly establishes that the court committed a manifest error of law.  See Murithi v. Glecker, 829 F. App'x 124, 127 (7th Cir. 2020), citing Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013).  A "manifest error" is "the wholesale disregard, misapplication, or failure to recognize controlling precedent."  Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted).  In this case, the court concludes that it was a manifest error of law to deny defendant's motion to dismiss Count I of the indictment.  The court sees no reason to depart from its reasoning and holding as articulated in Prince, which the court adopts in the instant case.  The court also adopts its reasoning as articulated in United States v. Cook, No. 23CR-00595, Dkt. No. 32 (N.D. Ill. Feb. 9, 2024), which addressed additional arguments from the government following this court's opinion in Prince and other subsequent rulings on the same issue.  See also United States v. Neal, No. 20 CR 335, Dkt. No. 93 (N.D. Ill. Feb. 7, 2024).

Thus, the court grants defendant's motion for acquittal on Count I of the indictment, and denies defendant's motion for acquittal and a new trial on Count II.

## CONCLUSION

For the reasons set forth above, defendant's motion (Doc. 142) is granted in part and denied in part. The court denies defendant's motion for acquittal or a new trial on Count II, and grants defendant's motion for acquittal on Count I.


ENTER:


**Robert W. Gettleman**
**United States District Judge**


**DATE:  February 13, 2024**